CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 29 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| COLE SHOWS AMUSEMENT CO., INC., Plaintiff, | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 7:07cv00225<br><br>**MEMORANDUM OPINION AND ORDER**<br><br>By: Samuel G. Wilson<br>United States District Judge |
| v. | |
| BRANCH BANKING and TRUST COMPANY, Defendant. | |

Cole Shows Amusement Co., Inc., ("Cole") filed this action in the Circuit Court of Alleghany County against Branch Banking and Trust Company, ("BB&T") alleging state contract and fraud claims, and BB&T removed the case on diversity grounds. This matter is before the court on Cole's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2), and its motion to stay the case until the court decides the motion to dismiss. After reviewing the record, Cole's motions, and BB&T's memorandum in opposition to the motion to dismiss, the court has determined that it can decide these motions on the writings of the parties and that a hearing with oral arguments is unnecessary. The court finds that Cole has not claimed that exceptional circumstances exist such that the court may decline jurisdiction over this case, and accordingly denies Cole's motion to dismiss and denies Cole's motion to stay the case as moot.

Cole agrees in its motion to dismiss that the case was properly removed by BB&T and that this court has subject matter jurisdiction under 18 U.S.C. § 1332. However, Cole has moved for dismissal under Rule 41(a)(2) because Cole claims that it will be "severely prejudiced" by having to litigate the case in this court since its counsel is located in Northern Virginia, and because Cole claims the case involves state claims and only qualifies for diversity jurisdiction

"by the barest of margins." Cole did not file a motion for remand but instead seeks to voluntarily dismiss the case without prejudice. The Supreme Court has cautioned that federal courts are bound by a "virtually unflagging obligation. . . to exercise the jurisdiction given to them." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). Only in "'exceptional circumstances', where denying a federal forum would clearly serve an important countervailing interest," may a federal court decline to exercise its jurisdiction. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996) (quoting Colorado River, 424 U.S. at 813). In this case, jurisdiction is proper under § 1332[1], and Cole has not claimed that exceptional circumstances exist such that the court may decline jurisdiction, but, instead, is essentially asking the court for an unrecognized form of abstention. Therefore, it is hereby **ORDERED** and **ADJUDGED** that Cole's motion to dismiss is **DENIED**, and Cole's motion to stay this case is **DENIED** as **MOOT**.

    **ENTER:** This 29th day of May, 2007.

United States District Judge

---

[1] Since Cole is a Virginia corporation with its principal place of business in Covington, Virginia, and BB&T is a North Carolina corporation with its principal place of business in Winston-Salem, North Carolina, and the amount in controversy exceeds $75,000.00, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.